GAIL WROBBEL,

                Plaintiff,

v.

ASPLUNDH TREE EXPERT CO.,
et al.,

                Defendants.

_____/

CIVIL ACTION NO. 07-10110

DISTRICT JUDGE GERALD E. ROSEN

MAGISTRATE JUDGE DONALD A. SCHEER

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF
MAGISTRATE'S ORDER WITH REGARD TO SANCTIONS AND POSSIBLE
FUTURE PENALTIES AND AWARDING ATTORNEY FEES IN CONNECTION
WITH DEFENDANT'S AUGUST 2, 2007 MOTION TO COMPEL DISCOVERY**

On September 24, 2007, the undersigned magistrate judge entered a written Order

Granting Defendant's August 2, 2007 Motion to Compel Discovery. The Motion alleged that

Plaintiff failed/refused to provide signed releases necessary to permit Defendant to obtain

employment/health records by subpoena to third parties. Defendant further claimed that

Plaintiff had failed to produce certain documents responsive to its requests for production.

Plaintiff provided the Defendant with the requested documents and authorizations on or

about August 22, 2007, long after the filing of the Motion to Compel, but before the hearing.

Following the hearing, the court found that Plaintiff had, indeed, failed to provide Defendant

with appropriate releases, while simultaneously pursuing her own efforts to obtain the

identical materials. The court further found that Plaintiff had failed to produce documents

responsive to Defendant's requests, and as to which no claim of privilege or work product

protection had been made, until after the filing of Defendant's Motion to Compel.

Fed.R.Civ.P. 37(a)(4)(A) provides, in pertinent part, as follows with respect to a motion to compel discovery:

> **(A)** If the motion is granted <u>or if the disclosure or requested discovery is provided after the motion was filed</u>, the court <u>shall</u>, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's non-disclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4)(A) (emphasis added).

In accordance with the Rule, the court ordered that Plaintiff and her attorneys pay Defendant reasonable attorney fees and costs associated with the Motion to Compel. Counsel for Asplundh was directed to submit a certification of time and expenses invested in the Motion. That certification was submitted on September 28, 2007. On October 4, 2007, Plaintiff filed a Motion for Reconsideration of the Court's Order as well as Objections to the Certification.

Plaintiff's Motion for Reconsideration reconfirms that the documents and authorizations sought in Defendant's Motion to Compel were not produced until after the filing of the Motion. An Affidavit executed by Plaintiff's counsel's administrative assistant asserts that she was instructed in mid June 2007 "to see to the execution and delivery of employment and medical releases for documents requested by Defendants . . .." The Affidavit further represents that the administrative assistant did not follow through with that assignment, and that the documents were not produced to Defendant's counsel until August 22, 2007.

I find no basis upon which to reconsider the September 24, 2007 Order. Asplundh's original Motion to Compel Discovery describes multiple contacts with Plaintiff's counsel in an effort to secure the necessary authorizations following the initial submissions in June 2007. (See Motion to Compel, Paragraphs 27-35, inclusive). Specifically, defense counsel faxed a second set of the requested forms to Plaintiff's attorney on July 18, 2007. That transmission was followed up, on July 23, 2007 with a letter requesting that the authorizations be returned to the copy service. When those efforts were unavailing, Defendant's attorney raised the issue with Plaintiff's counsel during an August 1, 2007 deposition of the Plaintiff, and presented yet another set of authorization forms. Plaintiff's counsel, however, refused to instruct Plaintiff to sign the forms, representing that Plaintiff "may" have already signed them. Plaintiff's counsel's administrative assistant is not responsible for the failure to respond to any of the three direct contacts with her superior. I conclude, therefore, that the failure to provide defense counsel with the documents necessary to reach discovery efforts, while simultaneously pursuing the Plaintiff's own access to the same documents, was not the result of mere administrative inadvertence. Even if it were otherwise, the effect on Defendant's discovery efforts would be the same.

For all of the above reasons, Plaintiff's Motion for Reconsideration of Magistrate's Order with Regard to Sanctions and Possible Future Penalties is denied.

Counsel for Defendant Asplundh has certified that $6,250.25 in attorney fees (including services provided by legal assistant) and expenses have been invoiced in connection with the Defendant's Motion to Compel Discovery. The fees include 28.75 attorney hours at the rate of $215.00 per hour, 1/2 hour of legal assistant time at $110.00 per hour and $14.00 in parking and courier fees. I am satisfied that the hourly rates

charged for attorney and legal assistant work are reasonable and appropriate. I further find that the expenses are reasonable. Plaintiff has raised no challenge relating to these matters. She has, however, objected to the number of hours devoted to motion related activity. Plaintiff challenges in general terms the expenditure of more than 28 hours of attorney work on "a basic motion to compel."

In response, counsel for Asplundh has filed a highly detailed Reply Brief of 20 pages, supported by 21 separate exhibits. The Reply Brief details the services rendered in connection with the prosecution of the Motion to Compel, and defends the time expenditures associated with each of the Motion related activities. Notwithstanding the fact that Plaintiff has failed to demonstrate with any degree of specificity that the attorney time for which payment is sought is unreasonable, my review of Defendant's Motion to Compel and Reply Brief persuades me that the time certified with respect to their preparation is excessive. Defendant's initial brief totals ten pages (exclusive of the Proof of Service), supported by six exhibits. Nine pages of the brief are devoted to an exposition of the facts giving rise to the Motion. Less than one page is devoted to a supporting brief. The brief cites six sections of the Federal Rules of Civil Procedure, and no case law. While I am certain that Defendant's marshaling and exposition of the facts involve significant effort, I conclude that the 6.5 hours devoted to that task was excessive. I reach a similar conclusion with respect to Defendant's Reply Brief, which consisted of five pages devoted to the facts of this case, with no supporting legal research. While the preparation of the reply undoubtedly required the review and consideration of the arguments advanced by Plaintiff in her response brief, as well as the formulation of responsive arguments and the marshaling of supporting facts, I conclude that the expenditure of 5.50 hours was not

warranted. I further credit Plaintiff's arguments with regard to Defendant's use of .25 hour minimum increments, the time expended by Defendant's counsel in the review of materials produced by Plaintiff, and the time expended in preparing the certificate of fees and costs. While I reject Plaintiff's claim that she took substantial efforts to nip the dispute in the bud, I credit her assertion that she produced the authorizations and other documents before the filing of a Reply Brief by Defendant. In the final analysis, while I do not dispute the accuracy of the Defendant's certificate as an account of time actually expended, I am left with the firm conviction that the same result could have been achieved by the expenditure of a substantially lower number of hours.

Fed.R.Civ.P. 37(a)(4)(A) provides that the court "shall" award the moving party reasonable expenses, including attorney's fees, unless the court finds that: (a) the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action; (b) that the opposing party's non-disclosure was substantially justified; or (c) that other circumstances make an award of expenses unjust. I find that none of those circumstances exist in this case. Asplundh's counsel made several efforts to secure Plaintiff's cooperation in discovery of the materials which were the subject of the Motion. Plaintiff denied Defendant's access to those materials without good cause. I find no other circumstances which would make an award of expenses unjust in this circumstance.

Having reviewed the parties written submissions, and having reconsidered the arguments of counsel, I conclude that an award of $3,000.00 in attorney fees and costs relating to Defendant's Motion to Compel Discovery is reasonable under the circumstances. I further find that Plaintiff bears no individual responsibility for the failure of her counsel to

provide appropriate and timely discovery. Accordingly, I find that the attorney fee sanction should be imposed only upon Plaintiff's counsel.

IT IS THEREFORE ORDERED that Plaintiff's counsel shall pay the sum of $3,000.00 to counsel for Defendant Asplundh, within sixty (60) days of the date of this Order, as attorney fees and costs in connection with the filing and prosecution of Defendant's Motion to Compel Discovery.

All of which is Ordered this 12th day of December, 2007.


s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

---

## CERTIFICATE OF SERVICE

I hereby certify on December 12, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 12, 2007. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217