UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAIL WROBBEL,

                Plaintiff,         CASE NUMBER: 07-10110
                                        HONORABLE VICTORIA A. ROBERTS

v.

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL 17,
a labor organization,

                Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On March 12, 2010, this Court entered an Order denying Defendant Local 17's Motion in Limine for Admission of Evidence Relating to Amount that Plaintiff Wrobbel Received in Settlement of her Claims Against Asplundh (Dkt. #143). On March 26, 2010, Plaintiff filed this Motion for Reconsideration (Dkt. #164). Plaintiff's motion is **DENIED**.

Plaintiff contends the Order does not state whether the injuries allegedly caused by Asplundh and Local 17 are factually separable or indivisible. This is only partially correct. The Court did not rule on this matter, because it determined that, under Michigan law, the issue must be put to the jury. (Order 8-9 (*citing Michie v. Great Lakes Steel Div., Nat'l Steel Corp.*, 495 F.2d 213, 216-17 (6th Cir. 1974) (*quoting Maddux v. Donaldson*, 108 N.W.2d 33, 362 Mich. 425, 432-33 (1961)); *Oakwood Homeowners Ass'n v. Ford Motor Co.*, 258 N.W.2d 475, 77 Mich. App. 197, 218-19 (1977)).) Therefore, the separability of Plaintiff's injuries is not for the Court to decide.

Plaintiff also appears to suggest the Court should hold that, as a matter of law,

her injuries are separable. The Court disagrees. In *Wrobbel v. Hydaker-Wheatlake Co. and IBEW Local 17*, No. 09-101353-CD (Wayne County Cir. Ct.), Plaintiff testified that she could not separate the emotional distress resulting from her rejection by a potential employer, Hydaker-Wheatlake, and the distress caused by the alleged conduct of Local 17. (Wrobbel Dep. 336:13-22, Feb. 8, 2010.) Although this testimony was proffered in a different action, the factual circumstances are too similar for the Court to hold that, here, Plaintiff's injuries are separable as a matter of law.

Finally, Plaintiff expresses concern that Michigan Civil Jury Instruction 42.05, which the Court proposes to use when instructing the jury on allocating fault between parties and identified nonparties, is not appropriate. This may, or may not be, correct. Either way, the Court reminds the parties that, if this case goes to trial, they will be responsible for researching how to proceed under Michigan tort law. (Order 9-10.) The Court encourages the parties to cooperate on this matter; perhaps the court in *Wrobbel v. Hydaker-Wheatlake* can provide some guidance.

Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 29, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 29, 2010.

s/Linda Vertriest
Deputy Clerk